United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Manuel Ambriz Silva, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-7369 |
| | § | |
| David Venturella, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Before the Court is Jose Manuel Ambriz Silva's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner, a citizen of Mexico, *id.* ¶ 25, concedes that he illegally entered the United States in 2004, *id.* ¶ 15. On August 11, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), pending his removal proceedings. *Id.* ¶ 3, 67. He remains in the custody of Respondent Warden of the Montgomery Processing Center in Conroe, Texas. *Id.* ¶ 1. Petitioner asserts that his current detention violates (i) the Immigration and Nationality Act ("INA"); (ii) substantive due process; (iii) procedural due process; and (iv) the bond

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1 at 9. Mr. Bradford ceased holding office while this action was pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

regulations in 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.[2] *Id.* ¶¶ 70–85. Petitioner also asserts that he is entitled to a bond redetermination hearing as a putative member of the class in *Maldonado Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. 2026). *Id.* ¶ 86.

When entertaining a petition for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[3]

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding

---

[2] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 77–85. The Court assumes that Petitioner intends to raise due both due process challenges.

[3] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.[4]

Moreover, since the Fifth Circuit decided *Buenrostro-Mendez*, this Court has resolved numerous novel challenges to detention under Section 1225. Relevant here, the Court has rejected all but one[5] of the precise challenges raised by Petitioner in the following orders:

- *Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026): Holding that detention under § 1225(b)(2)(A) does not violate (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Fourteenth Amendment's Equal Protection Clause; (v) the Administrative Procedure Act; (vi) the Suspension Clause of Article I of the Constitution; or (vii) the *Accardi* Doctrine.

- *Leon-Fernandez v. Frink*, 4:26-cv-2130 (S.D. Tex. July 15, 2026): Holding that the Court is neither bound by nor inclined to follow the reasoning of the Central District of California's decision to recognize detainee class membership in

---

[4] On July 2, 2026, a Fifth Circuit panel issued another opinion addressing whether mandatory detention under § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026), *reh'g en banc granted and opinion vacated*, 181 F.4th 608 (5th Cir. 2026). Although the panel limited detention under § 1225(b)(2)(A) "for ninety days but no longer without a bond hearing," eight days later, the Fifth Circuit granted rehearing *en banc* and vacated the panel opinion. *Id.* at 728; *Sosnava Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). Because the panel opinion has been vacated, it is "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

[5] Although not addressed by the Court in either of the below-cited decisions, Petitioner's claim that his present detention violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 lacks merit. Petitioner's detention is statutorily authorized by 8 U.S.C. § 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 502–08; Doc. 1 ¶ 15 (conceding entry without inspection). By contrast, the federal regulations Petitioner cites "provide that aliens detained *under § 1226(a)* receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)) (emphasis added); *see also Gomez Jalomo v. Bradford*, No. 26-cv-1322, 2026 WL 1816041, at *1 n. 13 (S.D. Tex. June 24, 2026) (Lake, J.) (rejecting claim regarding these bond regulations for § 1225(b)(2)(A) detainee on analogous reasoning); *Mendoza v. Lyons*, No. 1:26-cv-00748, 2026 WL 2691265, at *1 (S.D. Tex. Aug. 5, 2026) (Olvera, J.) ("A review of [the same] regulations confirms implementation of 8 U.S.C. § 1226(a) . . . .").

*Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, 2026 WL 639921 (C.D. Cal. Feb. 25, 2026).

Because Petitioner exclusively asserts grounds for relief that the Court previously rejected in the above-cited decisions (Counts I, III, and IV) or has determined lack merit upon reviewing this Petition (Count II), it plainly appears from the Petition that Petitioner is not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 30th of September, 2026.

Nicholas J. Ganjei
United States District Judge